NIGHT BOX
FILED

FEB 2 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION

CASE NO.: 00-06181

CIV-FERGUSON

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HAYLEY NURSE

Defendant.

_______________________________/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $5825.76, plus interest on this principal amount computed at the rate of 7.00 percent per annum in the amount of $6702.21, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

1/32

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $12527.97, plus interest at 7.00 percent per annum on the principal amount of $5825.76, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: ______________________
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

Hayley Nurse
520 Lock Rd #41
Deerfield Beach, FL 33442
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/30/99.

On or about 04/05/79, 10/14/80 and 07/21/81, the borrower executed promissory note(s) to secure loan(s) of $547.00, $2,500.00 and $2,500.00, from The Greater New York Savings Bank at 7 percent interest per annum. This loan obligation was guaranteed by New York State Higher Education Services Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 08/24/83, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,825.76 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 03/06/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $5,825.76 |
| Interest: | $6,474.29 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 06/30/99: | $12,300.05 |

Interest accrues on the principal shown here at the rate of $1.12 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/21/99

Name: [signature]
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

GOVERNMENT EXHIBIT A

B3-2/ED-LITGN/COIGSL.DOC

244147
NYSHESC Acct. No.

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION

Original
HE 700 7/78

## LOAN(S) GUARANTEED BY NYSHESC
## INTERIM PROMISSORY NOTE AND DISCLOSURE (IN SCHOOL)

6023

The Greater New York Savings Bank
Lending Institution

410 Madison Avenue, New York, N.Y. 10017.
Address

April 1979
Date

A. Amount Financed (Principal Amount of Loan) $ 547
B. Prepaid FINANCE CHARGE (insurance premium) $ 21.40
C. Amount of Loan Disbursed (amount of loan less insurance premium) $ 525.60
D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period 1.04 %
(b) During repayment period 7 %

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to nine months after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) Five Hundred Fourty Seven dollars ($ 547 ) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

I. Interest:

I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

II. Late Charges and Default Charges:

In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

III. Beginning of Repayment Period (Maturity):

I will begin to repay this loan on the date any one of these events occurs:
(1) the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution, 12 clock hours per week in a vocational institution or 15 hours per week at a school of beauty culture) (I must begin payment at this time even if I have a leave of absence) (nine month grace period) (See Section IV-1)-(2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested. (3) if I do not enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date, (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

IV. Further Agreements:

1) No later than four months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments [illegible] make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husba[illegible] wife also has a guaranteed student loan, the total of both our payments shall be at least $360 per year. Repayment shall be made over a period of not more [illegible] years. I have at least five years to repay the loan except if the loan would be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding must be included in a request for early repayment, and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (See Section IV-2).

2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973, or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and other late charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC.

6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

7) The delay on the lender's part (or the holder if the loan is transferred) to enforce any condition(s) of this note shall not release the borrower from these condition(s) nor prevent the lender (or the holder if the loan is transferred) from enforcing any or all of these conditions in the future.

8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above for the anticipated term of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. It is not a premium for life insurance. The entire insurance premium will be refunded if the loan is paid in full within 60 days of disbursement.

10) If I go into default on this loan I agree to be sued in Albany County, New York.

11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with the lending institution (or the holder if the loan is transferred) and/or NYSHESC.

Signature of Borrower: Hayley Nurse Date: 4/5/79

Typed or Printed Name of Borrower: HAYLEY NURSE

Permanent Address of Borrower: 9111 CHURCH AVE. APT 2T. BKLYN N.Y. 11236

# New York State Higher Education Services Corporation

## Guaranteed Student Loan Program

## YOUR STATEMENT OF RESPONSIBILITIES

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of this note.

2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following *in writing*, without exception:

   a. If I fail to enroll, leave school for any reason or cease to be matriculated;

   b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture;

   c. If I do not attend the school I have designated on my application or if I transfer to another school;

   d. If my name should change (for example, because of marriage);

   e. If I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose.

4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possible late charges and default charges (Section II of the note) as well as possible legal action and a bad credit rating.

5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.

6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender.

7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program.

### Additional Information on How Payments Are to be Made

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go into default.

2. After you leave school you must agree to a repayment schedule with your lender. This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total of Payments | Finance Charge (Annual Percentage Rate 7%) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $ 1,000 | $ 30.00 | $ 1,111.00 | $ 111.00 | [illegible] |
| $ 2,000 | $ 30.00 | $ 2,370.00 | $ 370.00 | [illegible] |
| $ 3,000 | $ 40.20 | $ 3,[illegible] | $ [illegible] | [illegible] |
| $ 4,000 | $ [illegible] | $ [illegible] | $1,[illegible] | [illegible] |
| $ [illegible] | $ [illegible] | $ [illegible] | $2,[illegible] | 120 [illegible] |
| $ 7,000 | $ 81.20 | $ 9,733.60 | $2,733.60 | 120 [illegible] |
| $ [illegible] | $104.[illegible] | $12,[illegible] | $3,[illegible] | 120 [illegible] |
| $10,000 | $116.11 | $13,[illegible] | $3,[illegible] | 120 [illegible] |
| $15,000 | $164.16 | $[illegible] | $[illegible] | 120 [illegible] |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately. It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.

4. No part of this loan can be forgiven because of teaching or military service.

5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment. NOTE: Members of the U.S. Public Health Service do not qualify for a deferment.

### ENDORSEMENT

Pay to NYSHESC Without Recourse and Without Warranty

For HAYLEY NURSE 0244147-2
(Type — Name of Borrower) (Application No.)

From The Greater New York Savings Bank

By [signature] DOROTHY H. O'NEILL
(Authorized Signature) ASSISTANT TO OFFICER

0244147-2

NYSHESC Acct. No.

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION

LOAN(S) GUARANTEED BY NYSHESC

INTERIM PROMISSORY NOTE AND DISCLOSURE (IN SCHOOL)

THE GREATER NEW YORK SAVINGS BANK
Lending Institution

200 MADISON AVENUE
NEW YORK, N. Y. 10017
Address

OCT [illegible] 1980
Effective Date of this Note

A. Principal Amount of Loan $ 2500

B. Prepaid FINANCE CHARGE (insurance premium) $ 28.10

C. Amount Financed (principal amount of loan less insurance premium) $ 2471.90

D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period .51 %

(b) During repayment period 7 %

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the ninth month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) Two thousand Five hundred dollars 00/100 dollars ($ 2500) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

## I. Interest:

I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

## II. Late Charges and Default Charges:

In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

## III. Beginning of Repayment Period (Maturity):

I will begin to repay this loan on the date any one of these events occurs: (1) the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution), 12 clock hours per week in a vocational institution or 15 hours per week at a school of beauty culture (I must begin payment at this time even if I have a leave of absence) (nine month grace period) (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested; (3) if I do not enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date; (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

## IV. Further Agreements:

1) No later than four months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $3[illegible] [illegible]r year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan wo[illegible] be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment peri[illegible] I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding must be included in a request for early repayment, and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (see Section IV-2).

2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973, or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and other late charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC.

6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

7) The delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any condition(s) of this note shall not release the borrower from these condition(s) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.

8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above for the [illegible] term of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. It is not a premium for life insurance. The insurance premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement.

10) If I go into default on this loan I agree to be sued in Albany County, New York.

11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with the lending institution (or the holder if the loan is transferred) and/or NYSHESC.

Signature of Borrower [signature] Date 10/14/80

Typed or Printed Name of Borrower HAYLEY NURSE

Permanent Address of Borrower [illegible] 1393 Brooklyn Ave Brooklyn NY 11203

# New York State Higher Education Services Corporation

## Guaranteed Student Loan Program

## YOUR STATEMENT OF RESPONSIBILITIES

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of the note.
2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following in writing, without exception:
   a. If I fail to enroll, leave school for any reason or cease to be matriculated;
   b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture;
   c. If I do not attend the school I have designated on my application or if I transfer to another school.
   d. If my name should change (for example, because of marriage).
   e. If I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose.
4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possible late charges and default charges (Section K of the note) as well as possible legal action and a bad credit rating.
5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.
6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender.
7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program.

### Additional Information on How Payments Are to be Made

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go [illegible] default.
2. After you leave school you must agree to a repayment [illegible] with your lender. This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Payments | Finance Charge (Annual Percentage Rate 7%) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $ 1,000 | $ 30.88 | $ 1,111.68 | $ 111.68 | 36( 3) |
| $ 2,000 | $ 39.60 | $ 2,376.00 | $ 376.00 | 60( 5) |
| $ 3,000 | $ 45.28 | $ 3,803.52 | $ 803.52 | 84( 7) |
| $ 4,000 | $ 50.03 | $ 5,403.24 | $1,403.24 | 108( 9) |
| $ 6,000 | $ 69.66 | $ 8,359.20 | $2,359.20 | 120(10) |
| $ 7,000 | $ 81.28 | $ 9,753.60 | $2,753.60 | 120(10) |
| $ 9,000 | $104.50 | $12,540.00 | $3,540.00 | 120(10) |
| $10,000 | $116.11 | $13,933.20 | $3,933.20 | 120(10) |
| $15,000 | $174.16 | $20,899.20 | $5,899.20 | 120(10) |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately. It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.
4. No part of this loan can be forgiven because of teaching or military service.
5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment. NOTE: Members of the U.S. Public Health Service do not qualify for a deferment.

### ENDORSEMENT

Pay to NYSHESC Without Recourse and Without Warranty

For: HAYLEY NUESE 02441475-2
(Type—Name of Borrower) (Application No.)

From: The Greater New York Savings Bank

By: Dorothy H. O'Neill DOROTHY H. O'NEILL
(Authorized Signature) ASSISTANT TO OFFICER

C506

NYSHESC Acct. No.

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION

LOAN(S) GUARANTEED BY NYSHESC

INTERIM PROMISSORY NOTE AND DISCLOSURE-IN SCHOOL

THE GREATER NEW YORK SAVINGS BANK

Lending Institution

6023

BANK ACCOUNT NO.

410 MADISON AVENUE, NEW YORK, NEW YORK 10017

Address

July

Effective Date of this Note

A. Principal Amount of Loan ........ $ 2500

B. Prepaid FINANCE CHARGE (insurance premium) ........ $ 15.50

C. Amount Financed (principal amount of loan less insurance premium) ........ $ 2484.50

D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period ........ 0%

(b) During repayment period

* The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) Two Thousand five hundred

dollars ($ 2500) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

I. Interest:

I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

II. Late Charges and Default Charges:

In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

III. Beginning of Repayment Period (Maturity):

I will begin to repay this loan on the date any one of these events occurs: (1) the end of the ninth month following the month in which I cease to be matriculated, at least half-time, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution, 12 clock hours per week in a vocational institution or 15 hours per week at a school of beauty culture (I must begin payment at this time even if I have a leave of absence) [nine month grace period] (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested, (3) if I do not enroll for the term and in the educational institution for which this application was approved, even though I intend to continue my education at a later date, (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

IV. Further Agreements:

(1) No later than four months after I cease being matriculated at at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $[illegible] per year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan [illegible] be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding must be included in a request for early repayment, and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (see Section IV-2)

(2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973, or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments of principal, [illegible]

[illegible]

(3) If I fail to make any payment when due under this Note or if [illegible] NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event [illegible] interest and other late charges or default charges (Section II) shall become immediately due and payable. [illegible]

[illegible]

(4) I authorize the lending institution to make any check for the loan [illegible]

[illegible]

(6) I understand that I must repay this loan even though I may be under eighteen (18) years of age [illegible]

(7) I understand that this note includes a prepaid finance charge (insurance premium) [illegible] this date. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. It is not a premium for life insurance. [illegible] premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement.

(8) If I go into default on this loan I agree to be sued in Albany County, New York.

(9) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing this disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my [illegible] agreement with the lending institution [illegible] is transferred and/or NYSHESC.

Signature of Borrower Hayley Nurse Date 7/2[illegible]

Typed or Printed Name of Borrower HAYLEN NURSE

Permanent Address of Borrower [illegible] BROOKLYN AVE, BROOKLYN N.Y. 11203

[illegible] 001-286[illegible]

6/[illegible]

**New York State Higher Education Services Corporation**
**Guaranteed Student Loan Program**
**YOUR STATEMENT OF RESPONSIBILITIES**

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of this note.

2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following in writing, without exception:
   a. If I fail to enroll, leave school for any reason or cease to be matriculated.
   b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture.
   c. If I do not attend the school I have designated on my application or if I transfer to another school.
   d. If my name should change (for example, because of marriage).
   e. If I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose.

4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possible late charges and default charges (Section II of the note) as well as possible legal action and a bad credit rating.

5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.

6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender.

7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program.

**Additional Information on How Payments Are to be Made**

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go i[illegible] default.

2. After you leave school you must agree to a repayment [illegible]dule with your lender. This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total Of Payments | Finance Charge (Annual Percentage Rate 7%) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $ 1,000 | $ 30.88 | $ 1,111.68 | $ 111.68 | 36( 3) |
| $ 2,000 | $ 39.60 | $ 2,376.00 | $ 376.00 | 60( 5) |
| $ 3,000 | $ 46.28 | $ 3,803.52 | $ 803.52 | 84( 7) |
| $ 4,000 | $ 50.03 | $ 5,403.24 | $1,403.24 | 108( 9) |
| $ 6,000 | $ 69.[illegible] | $ 8,388.20 | $2,388.20 | 120(10) |
| $ 7,000 | $ 81.28 | $ 9,753.60 | $2,753.60 | 120(10) |
| $ 9,000 | $104.50 | $12,540.00 | $3,540.00 | 120(10) |
| $10,000 | $116.11 | $13,933.20 | $3,933.20 | 120(10) |
| $15,000 | $174.16 | $20,899.20 | $5,899.20 | 120(10) |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately. It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.

4. No part of this loan can be forgiven because of teaching or military service.

5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment. NOTE: Members of the U.S. Public Health Service do not qualify for a deferment.

**ENDORSEMENT**

Pay to NYSHESC Without Recourse and Without Warranty

For: HAYLEY NURSE 02441172
(Type—Name of Borrower) (Application No.)

From: The Greater New York Savings Bank

By: [signature]
(Authorized Signature)

DOROTHY K. O'NE[illegible]
ASSISTANT [illegible] OFFICER

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 00-06181

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-FERGUSON

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

HAYLEY NURSE

MAGISTRATE JUDGE SNOW

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B: Broward 0:00cv6181 WDF Jonas

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

NIGHT BOX FILED
FEB 2 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B ☐ 530 General
- A ☐ 535 Death Penalty
- B ☐ 540 Mandamus & Other
- B ☐ 550 Civil Rights
- B ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B ☐ 610 Agriculture
- B ☐ 620 Other Food & Drug
- B ☐ 625 Drug Related Seizure of Property 21 USC 881
- B ☐ 630 Liquor Laws
- B ☐ 640 R.R. & Truck
- B ☐ 650 Airline Regs
- B ☐ 660 Occupational Safety/Health
- B ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A ☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4) (d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 12,527.97 + interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ______ DOCKET NUMBER ______

DATE 1/31/00

SIGNATURE OF ATTORNEY OF RECORD
MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______